IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WENDY MEDICH,

    Plaintiff,                           No. 2:11-cv-2894 DAD

    vs.

CAROLYN W. COLVIN,                ORDER
Commissioner of Social Security,

    Defendant.
                                    /

        This social security action was submitted to the court without oral argument for ruling on plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment. For the reasons explained below, plaintiff's motion is granted, defendant's cross-motion is denied, the decision of the Commissioner of Social Security (Commissioner) is reversed, and the matter is remanded for further proceedings consistent with this order.

**PROCEDURAL BACKGROUND**

        On December 3, 2008, plaintiff filed an application for Disability Insurance Benefits (DIB) under Title II of the Social Security Act (the Act) and for Supplemental Security Income (SSI) under Title XVI of the Act, alleging disability beginning on May 15, 2006. (Transcript (Tr.) at 112-18.) Plaintiff's application for benefits was denied initially and upon reconsideration. (Id. at 52-56, 62-67.) A hearing was held before an Administrative Law Judge

1

(ALJ) on April 27, 2010.  (Id. at 24-40.)  Plaintiff was represented by counsel and testified at the administrative hearing.  In a decision issued on July 30, 2010, the ALJ found that plaintiff was not disabled.  (Id. at 19.)  The ALJ entered the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2010.
>
> 2. The claimant has not engaged in substantial gainful activity since May 15, 2006, the alleged onset date (20 CFR 404.1571 et seq., and 416.971 et seq.).
>
> 3. The claimant has the following severe impairments:  chronic lumbago, chronic cervicalgia and depressive disorder (20 CFR 404.1520(c) and 416.920(c)).
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).
>
> 5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform unskilled, light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she can sit for four hours in an eight hour workday and stand or walk for four hours in an eight hour workday.
>
> 6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).
>
> 7. The claimant was born on September 21, 1961 and was 44 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963).
>
> 8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).
>
> 9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).
>
> 10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).

>    11. The claimant has not been under a disability, as defined in the Social Security Act, from May 15, 2006, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

(Id. at 12-18.)

On September 1, 2011, the Appeals Council denied plaintiff's request for review of the ALJ's decision. (Id. at 1-3.) Plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g) by filing the complaint in this action on November 1, 2011.

## LEGAL STANDARD

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence in the record as a whole and the proper legal standards were applied. Schneider v. Comm'r of the Soc. Sec. Admin., 223 F.3d 968, 973 (9th Cir. 2000); Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive. Miller v. Heckler, 770 F.2d 845, 847 (9th Cir. 1985). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001) (citing Morgan, 169 F.3d at 599); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985) (citing Richardson v. Perales, 402 U.S. 389, 401 (1971)).

A reviewing court must consider the record as a whole, weighing both the evidence that supports and the evidence that detracts from the ALJ's conclusion. Jones, 760 F.2d at 995. The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence. Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence, Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

In determining whether or not a claimant is disabled, the ALJ should apply the five-step sequential evaluation process established under Title 20 of the Code of Federal Regulations, Sections 404.1520 and 416.920.  <u>Bowen v. Yuckert</u>, 482 U.S. 137, 140-42 (1987). The five-step process has been summarized as follows:

> Step one:  Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled.  If not, proceed to step two.
>
> Step two:  Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate.
>
> Step three:  Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1?  If so, the claimant is automatically determined disabled.  If not, proceed to step four.
>
> Step four:  Is the claimant capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.
>
> Step five:  Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

<u>Lester v. Chater</u>, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process.  <u>Yuckert</u>, 482 U.S. at 146 n.5.  The Commissioner bears the burden if the sequential evaluation process proceeds to step five.  <u>Id.</u>; <u>Tackett v. Apfel</u>, 180 F.3d 1094, 1098 (9th Cir. 1999).

## APPLICATION

In her pending motion plaintiff argues that the ALJ committed the following three principal errors in finding her not disabled:  (1) the ALJ improperly rejected the medical opinion of plaintiff's treating physician; (2) the ALJ failed to credit the hearing testimony of the vocational expert in response to hypothetical questions posed that accurately reflected plaintiff's limitations; and (3) the ALJ improperly rejected plaintiff's testimony and a third-party statement concerning plaintiff's subjective symptoms.

4

## I.   Medical Opinion

Plaintiff argues that the ALJ erred in rejecting the opinion of plaintiff's treating physician without a legitimate basis for doing so. (Pl.'s MSJ (Doc. No. 18) at 12-15.[1]) In this regard, on May 8, 2009, Dr. Kristopher Kordana completed a Physical Residual Capacity Assessment form with respect to plaintiff, his patient. (Tr. at 378-83.) Therein, Dr. Kordana expressed his opinion that plaintiff was limited in a number of areas of functioning, including a limitation that she carrying less than ten pounds only occasionally. (Id. at 379.) Dr. Kordana's opinion also indicated that he believed that plaintiff would miss between four to eight days of work a month due to her impairments. (Id. at 382.)

Although the ALJ's decision recognized treating physician Dr. Kordana's opinion, and acknowledged that Dr. Kordana "notes that he bases his limitations on the lumbar MRI findings of October 2008, and cervical MRI of June 2006,"[2] it appears the ALJ rejected Dr. Kordana's opinion by stating in the decision:

> As for the opinion evidence, Dr. Kordana offered very restrictive physical limitations. The undersigned finds that Dr. Kordana's findings are excessive and not supported by the record.

(Id. at 16.)

Dr. Kordana, however, was plaintiff's treating physician. Accordingly, his opinion was entitled to considerable weight. The weight to be given to medical opinions in Social Security disability cases depends in part on whether the opinions are proffered by treating, examining, or nonexamining health professionals. Lester, 81 F.3d at 830; Fair v. Bowen, 885

---

[1] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

[2] With respect to the June 2006 MRI, the ALJ's decision states that its "[f]indings were cervical stenosis/spondylosis with C5/6 radiculitis, moderate overall." (Tr. at 15.) Regarding the October 2008 MRI, the ALJ's decision states that the results of that MRI "showed no change from the November 2007 MRI," which "showed disk bulge at L2-3 with a possible right focal intraforaminal disk protrusion resulting in mild left and mild to moderate right neural foraminal stenosis." (Id.)

F.2d 597, 604 (9th Cir. 1989). "As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant . . . ." Lester, 81 F.3d at 830. This is so because a treating doctor is employed to cure and has a greater opportunity to know and observe the patient as an individual. Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996); Bates v. Sullivan, 894 F.2d 1059, 1063 (9th Cir. 1990). A treating physician's uncontradicted opinion may be rejected only for clear and convincing reasons, while a treating physician's opinion that is controverted by another doctor may be rejected only for specific and legitimate reasons supported by substantial evidence in the record. Lester, 81 F.3d at 830-31.

Here, the ALJ rejected treating physician Dr. Kordana's opinion purportedly because it is was "excessive and not supported by the record." (Tr. at 16.) This conclusory finding, however, is not supported by any further discussion of Dr. Kordana's opinion by the ALJ, any discussion of relevant evidence that supports the ALJ's finding or even by a citation to the record.

> To say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity . . . required, even when the objective factors are listed seriatim. The ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct.

Embrey v. Bowen, 849 F.2d 418, 421-22 (9th Cir. 1988). See also Alatorre v. Astrue, No. CV 12-0746 SS, 2013 WL 424727, at *8 (C.D. Cal. Feb. 1, 2013) (ALJ's finding that the medical opinion was "too restrictive" and not supported by "social security rules and regulations" constituted "mere conclusions, with no citation to record evidence" and thus were not "specific or legitimate reasons for rejecting" the opinion).

Accordingly, the court finds that plaintiff is entitled to summary judgment in her favor with respect to her claim that the ALJ's decision to reject the opinion of her treating

/////

physician was not supported by substantial evidence.[3]

## II.  Vocational Expert

Plaintiff also argues that the ALJ erred by failing to consider the combined effect of plaintiff's impairments when questioning the Vocational Expert ("VE") and that, therefore, the VE's testimony at the administrative hearing was based on an incomplete hypothetical. Plaintiff argues that because the ALJ improperly rejected treating physician Dr. Kordana's opinion, the hypothetical question posed by the ALJ to the VE did not accurately reflect plaintiff's functional limitations. (Pl.'s MSJ (Doc. No. 18) at 22-23.)

While an ALJ may pose a range of hypothetical questions to a VE based on alternate interpretations of the evidence, the hypothetical that ultimately serves as the basis for the ALJ's determination, i.e., the hypothetical that is predicated on the ALJ's final RFC assessment, must account for all of the limitations and restrictions of the particular claimant. Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1228 (9th Cir. 2009). "If an ALJ's hypothetical does not reflect all of the claimant's limitations, then 'the expert's testimony has no evidentiary value to support a finding that the claimant can perform jobs in the national economy.'" Id. (quoting DeLorme v. Sullivan, 924 F.2d 841, 850 (9th Cir. 1991)).

Here, because the ALJ rejected the opinion of plaintiff's treating physician, Dr. Kordana, the ALJ's hypothetical question posed to the VE did not include the limitations that plaintiff could only carry ten pounds occasionally and that she would miss four to eight days of work a month due to her impairments. (Tr. at 38.) Accordingly, the court finds that plaintiff is

---

[3] In her cross-motion for summary judgment, defendant points to additional potential reasons the ALJ could have discounted Dr. Kordana's opinion. (Def.'s MSJ (Doc. No. 19) at 7.) The court, however, is required "to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ - not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking." Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1225 (9th Cir. 2009). Rather, the Commissioner's decision "must stand or fall with the reasons set forth in the ALJ's decision, as adopted by the Appeals Council." Barbato v. Comm'r of Soc. Sec. Admin., 923 F. Supp. 1273, 1276 n.2 (C.D. Cal. 1996). See also Gonzalez v. Sullivan, 914 F.2d 1197, 1201 (9th Cir. 1990) ("[W]e are wary of speculating about the basis of the ALJ's conclusion . . . .").

also entitled to summary judgment in her favor on this issue as well.

## CONCLUSION

With error established, the court has the discretion to remand or reverse and award benefits. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989). Where no useful purpose would be served by further proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. See Benecke v. Barnhart, 379 F.3d 587, 595-96 (9th Cir. 2004). However, where there are outstanding issues that must be resolved before a determination can be made, or it is not clear from the record that the ALJ would be required to find plaintiff disabled if all the evidence were properly evaluated, remand is appropriate. Id. at 594.

Here, when the opinion evidence of plaintiff's treating physician is given the proper weight, the evidence of record demonstrates that plaintiff was disabled when plaintiff's treating physician, Dr. Kordana, rendered his opinion on May 8, 2009. In this regard, when asked at the administrative hearing a hypothetical question that included the limitations indicated by Dr. Kordana's opinion, the VE testified that the limitations as found by Dr. Kordana would preclude plaintiff from working. (Tr. at 39-40.) Thus, the ALJ erroneously concluded that plaintiff had not been under a disability at any time from May 15, 2006 through July 30, 2010, the date of the ALJ's decision.

However, while it is clear that plaintiff was under a disability as of May 8, 2009, it is not clear from the record before the court if the date of onset of disability is May 8, 2009, or sometime prior thereto.[4] See Luna v. Astrue, 623 F.3d 1032, 1035 (9th Cir. 2010) (affirming remand to determine onset date where ALJ did not address the issue and evidence in the record did not establish onset date); Regennitter, 166 F.3d at 1300 (finding claimant disabled but remanding for determination of onset date); Armstrong v. Commissioner, 160 F.3d 587, 590 (9th

---

[4] As noted above, in her application for application for Disability Insurance Benefits and for Supplemental Security Income, plaintiff alleged an onset date of disability of May 15, 2006.

Cir. 1998) (Where, after reviewing the record, the court found it unclear when the claimant's disabilities became disabling the case was remanded with instruction to determine when the claimant became disabled).

Accordingly, the court will remand the matter for further administrative proceedings consistent with this order and solely for the limited purpose of determining the correct date of onset of plaintiff's disability.[5]  See Widmark v. Barnhart, 454 F.3d 1063, 1065 (9th Cir. 2006) (reversing and remanding for proceedings consistent with the court's decision that the ALJ improperly rejected an examining physician's opinion); see also Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004) ("the district court should credit evidence that was rejected during the administrative process and remand for an immediate award of benefits if (1) the ALJ failed to provide legally sufficient reasons for rejecting the evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.").

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (Doc. No. 18) is granted;

2. Defendant's cross-motion for summary judgment (Doc. No. 19) is denied;

3. The decision of the Commissioner of Social Security is reversed; and

4. This case is remanded for further proceedings consistent with this order.

DATED: March 20, 2013.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1/orders.soc sec/medich2894.order

---

[5] In light of the analysis and conclusions set forth above, the court need not address plaintiff's third claim of error, that the ALJ improperly rejected plaintiff's testimony and a third-party statement concerning plaintiff's subjective symptoms.